IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,168-04






EX PARTE MARCUS STEPHEN FLECK, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1228225-A IN THE 176TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Alcala, J., not participating

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child and sentenced to forty years' imprisonment. The First Court of
Appeals affirmed his conviction. Fleck v. State, Nos. 01-09-00983-CR, 01-11-00271-CR, 01-11-00272-CR (Tex. App. - Houston [1st Dist.] April 28, 2011, pet. ref'd) .

 Applicant contends that he received ineffective assistance of both trial and appellate counsel,
that he is actually innocent, that his conviction was the result of prosecutorial vindictiveness and
prosecutorial misconduct, that the trial judge was biased against him, that he was denied his right
to self-representation, and that the trial court and the court of appeals both abused their discretion
in his case. A copy of Applicant's application was served on the prosecutor on August 3, 2012, and
the trial court entered an order designating issues on October 2, 2012. Because the order was not
timely entered, the district clerk properly forwarded the Application to this Court. However, the
record is not sufficient for this Court to determine the merits of Applicant's claims. We therefore
remand this application to Harris County to allow the trial court to address the unresolved issues and
enter findings of fact and conclusions of law.

 The trial court shall order trial counsel to respond to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: December 12, 2012

Do not publish